

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 1, 1972

Hon. Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas 78711

Hon. James R. Sawyer
Vice President for Fiscal Affairs
Tyler State College
P. O. Box 1142
Tyler, Texas 75701

Opinion No. M-1257

Re: Whether Tyler State Col-
lege may pay for insurance
providing coverage for:
(1)workmen's compensation
on college employees, (2)
public liability on college
premises, (3) automobile
liability and medical pay-
ments on college owned
or leased vehicles, and
(4)fire and extended cover-
age on college buildings
and contents, by vouchers
submitted for payment out
of General Revenue appro-
priations?

Gentlemen:

You have requested an opinion on the following specific
question:

"Will Tyler State College be able to pay
premiums on the following insurance coverages
on vouchers payable from the General Revenue
Appropriation?

"(1)Workmen's compensation on the college
employees.

-6162-

"(2)Bodily injury and property damage
liability insurance and premises medical pay-
ments upon the premises of Tyler State College.

"(3)Automobile liability, medical payments
and physical damage on college owned or leased
vehicles.

"(4)Fire and extended coverage on buildings
and contents."

In answer to your question regarding payment for workmen's
compensation (1), such authorization must be found under authority
of Section 59 to Article III of the State Constitution (Nov. 3,
1936). The Legislature has authority under this constitutional
amendment to enact laws allowing state institutions of higher
learning to purchase workmen's compensation policies for their
officers and employees. But to date no such general legislation
has been enacted to allow such state institutions of higher
learning as Tyler State College to purchase this coverage.
Neither has any specific legislation been passed covering such
authority for Tyler State College. In the absence of such legis-
lation, your college is without legislative authority to purchase
this insurance.

In answer to the question regarding bodily injury, property
damage and medical payments on premises (2), we recognize that
under the provisions of the Texas Tort Claims Act, Article 6252-19,
Vernon's Civil Statutes, the college, as a governmental institu-
tion is exposed to liability and suit for certain negligent
acts or omissions; and general authorization is found in said
Act for agencies or institutions to purchase liability insurance.
However, the current General Appropriations Act, S.B. 1 (Acts
62nd Leg., 3rd C.S., 1972), Sec. 44, page IV-81, forbids the
expenditure of any funds by state agencies of higher education
for purchase of liability insurance to cover claims arising under
the Texas Tort Claims Act.

In answer to your question regarding automobile liability insurance (3), Article 6252-19a, Vernon's Civil Statutes, in its relevant provisions, reads as follows:

"Section 1. The State Departments or agencies who own and operate motor vehicles, aircraft and motorboats or watercraft of all types and sizes shall have the authority to insure their officers and employees from <u>liability arising out of the use, operation and maintenance of</u> such automobiles, trucks, tractors, power equipment, aircraft and motorboats or watercraft used or which may be used in the operation of such department or agency. Such insurance shall be provided by the purchase of a policy or policies for that purpose from some liability insurance company or companies authorized to transact business in the State of Texas. All liability insurance so purchased shall be provided on a policy form or forms approved by the State Board of Insurance as to form and by the Attorney General as to liability.

". . .

"Sec. 4. Such payments are to be charged against the maintenance fund of the department for which such employee is employed." (Emphasis added.)

Our opinion is that you may purchase and pay for automobile liability insurance on college owned or leased motor vehicles out of the General Revenue Appropriations, since the limitation contained in the General Appropriation Act (S.B. 1) applies only to insurance purchased under the provisions of Article 6252-19 and not 6252-19a. See Attorney General's Opinion M-1215 (1972). The above authority only extends to public liability coverage, i.e., bodily injury and property damage liability insurance,

and not to collision or medical payments coverage on the vehicle insured.

In answer to your question regarding fire and extended coverage on college buildings and contents:

In view of the Senate Concurrent Resolution No. 3 (Acts 37th Leg., 2nd C.S., 1921), which expresses legislative intent that no insurance shall be taken out upon any public buildings or the contents thereof of this State, and prior Attorney General's opinions holding that state warrants may not be issued in payment of insurance premiums in the absence of specific appropriations for that purpose (Atty. Genl. Opin. No. C-193 (1963) and others cited therein), we conclude that you cannot purchase fire and extended coverage insurance on college buildings or their contents.

It is our opinion that you cannot buy insurance as described in categories (1), (2) and (4) but that you can buy automobile public liability insurance (3) and pay by voucher on the General Revenue Appropriations.

### S U M M A R Y

Article 6252-19a, Vernon's Civil Statutes, authorizes Tyler State College to pay premiums on automobile public liability insurance on college owned or leased vehicles by vouchers payable from General Revenue Appropriation.

There is no legislation authorizing purchase of workmen's compensation insurance by Tyler State College.

Restrictions in S.B. 1 (Acts 62nd Leg., 3rd C.S., 1972) Sec. 44, page IV-81, prohibit purchase of public liability insurance on Tyler State College premises.  In view of legislative intent expressed in Senate Concurrent Resolution No. 3 (Acts 37th Leg., 2nd C.S., 1921) and prior Attorney General Opinions, Tyler State College may not purchase fire and extended coverage insurance on college buildings.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harry C. Green
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Austin Bray
Arthur Sandlin
Jerry Roberts
Sam Jones

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant